**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE
2026 OCT 26 P 2: 16
U.S. DISTRICT COURT
DISTRICT OF MASS.

DR. SHIVA AYYADURAI,

Candidate for United States Senate,

*Plaintiff,*

*v.*

BELMONT NEWS FOUNDATION, INC, (d/b/a THE BELMONT VOICE); JESSE A FLOYD, Editor-in-Chief; and SARAH CAPUTO,

*Defendants.*

Civil Action No. 1:26-cv-14760-ADB

PLAINTIFF'S RENEWED EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65 AND FOR AN EXPEDITED STATUS CONFERENCE

**PLAINTIFF'S RENEWED EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65 AND FOR AN EXPEDITED STATUS CONFERENCE**

Now comes Plaintiff Dr. Shiva Ayyadurai, proceeding pro se, and respectfully moves this Honorable Court pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 7.1 for an Emergency Temporary Restraining Order, Preliminary Injunction, and for an Expedited Status Conference. In support thereof, Plaintiff states as follows:

1. Procedural Posture and Leave to Amend: Earlier today, October 26, 2026, this Court dismissed Plaintiff's initial complaint without prejudice for lack of subject-matter jurisdiction and granted Plaintiff leave to amend. Plaintiff has timely filed his First Amended Verified Complaint, which firmly anchors federal subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 through direct federal causes of action under 42 U.S.C. § 1981 (private contractual discrimination and impairment), 42 U.S.C. § 1985(3) (conspiracy to interfere with federal electoral advocacy), 42 U.S.C. § 1983 (public entwinement), and the Grable doctrine.

2. Active Voting Emergency: General election early voting is actively underway across the Commonwealth of Massachusetts, and mail-in ballots are being marked and returned daily in the Town of Belmont. Once a citizen casts a ballot without exposure to Plaintiff's ballot-certified candidacy, that vote is final and cannot be undone. Post-election monetary damages cannot rerun an election. The electoral injury is immediate and irreparable.

3. Complete Elimination of First Amendment Friction: Plaintiff does not ask this Court to edit an article, write a headline, or supervise an editorial board. Under Cohen v. Cowles Media Co., 501 U.S. 663 (1991), the First Amendment does not grant news publishers immunity from generally applicable contract law. To eliminate any constitutional friction under Miami Herald v. Tornillo, 418 U.S. 241 (1974), Plaintiff seeks purely ministerial relief requiring specific performance of the exact candidate questionnaire conceived and drafted by Defendant Floyd on October 14, 2026.

4. Tailored Ministerial Relief Requested: Plaintiff respectfully requests that the Court enter an order:

   a. Compelling Defendants to immediately publish Plaintiff's written answers to the four questions drafted by Defendant Floyd on October 14, 2026, corrected to state that Plaintiff is a certified **candidate for the United States Senate**;

   b. Directing Defendants to publish said candidate Q&A with the same digital prominence, formatting, and template provided to opposing major-party candidates;

   c. Directing Defendants to post a neutral factual notice on their digital homepage acknowledging Plaintiff's certified U.S. Senate candidacy; and

   d. Directing the immediate preservation of all consortium communications, internal editorial notes, and board correspondence regarding candidate coverage for this election.

5. Offer of Stipulated Consent Order: Plaintiff stands ready to resolve this emergency immediately. If Defendants agree to execute the publication of Plaintiff's answers to Defendant Floyd's four questions by Wednesday, October 28, 2026, at 5:00 PM, Plaintiff will stipulate to a formal Consent Order entered on the docket with this Court retaining jurisdiction through Election Day to ensure compliance, accompanied by a contingent Rule 41 dismissal upon publication.

6. Request for Expedited Hearing: Because Election Day is November 3, 2026, and early voting is actively taking place, Plaintiff respectfully requests that the Court schedule an expedited telephonic or in-person status conference within 24 to 48 hours.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Renewed Emergency Motion, schedule an expedited status conference, and enter the requested preliminary injunctive relief or stipulated Consent Order.

DATED: October 26, 2026

RESPECTFULLY SUBMITTED,

_______________________________

/s/ Dr. Shiva Ayyadurai

Dr. Shiva Ayyadurai, Plaintiff Pro Se

701 Concord Avenue

Cambridge, MA 02138

Phone: 857-393-7910

Email: vashiva@cytosolve.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, a true and correct copy of the foregoing Renewed Emergency Motion was served via electronic mail upon counsel of record for Defendants:

Rachel Strom, Esq.

Davis Wright Tremaine LLP

Email: rachelstrom@dwt.com

Counsel for Defendants

Executed this 26th day of October, 2026.

/s/ Dr. Shiva Ayyadurai
Dr. Shiva Ayyadurai, Plaintiff Pro Se

701 Concord Avenue

Cambridge, MA 02138

Phone: 857-393-7910

Email: vashiva@cytosolve.com