UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DR. SHIVA AYYADURAI,<br><br>Plaintiff,<br><br>v.<br><br>BELMONT NEWS FOUNDATION, INC.; JESSE A. FLOYD; SARAH CAPUTO,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 1:26-cv-14760-ADB |

**MEMORANDUM OPINION**

BURROUGHS, D.J.

In this action, Plaintiff Dr. Shiva Ayyadurai ("Ayyadurai"), proceeding pro se, asserted claims against Defendants Belmont News Foundation, Inc., Jesse A. Floyd, and Sarah Caputo (collectively, "Defendants") for breach of contract and promissory estoppel under Massachusetts state law, as well as for violations of Mass. Gen. Laws ch. 12, § 11H (the "Massachusetts Civil Rights Act") and Mass. Gen. Laws ch. 93A ("ch. 93A"). Concurrent with his complaint, Ayyadurai filed a motion for a temporary restraining order and a preliminary injunction. [ECF No. 6]. On October 26, 2026, the Court held a conference at which it denied Ayyadurai's motion for a temporary restraining order and preliminary injunction and dismissed his claims for lack of

jurisdiction. [ECF No. 20]. The Court enters this memorandum opinion to provide its reasoning for the dismissal of Ayyadurai's original claims and the denial of his original motion.[1]

Ayyadurai is an independent candidate for United States Senate in Massachusetts, [ECF No. 1 ("Compl.") ¶ 1], and Defendants are a non-profit news organization based in Belmont, Massachusetts, and two of its employees. [ECF No. 19 ¶¶ 1, 3]. Ayyadurai contended in his original complaint that Defendants made a written contractual commitment to include his campaign in their coverage of the 2026 United States Senate election, and that they are violating the law by refusing to conduct and publish an interview of Ayyadurai in connection with that coverage. [Compl. ¶¶ 8–21]. Ayyadurai filed his original complaint on October 21, 2026, [Compl.], and filed his original motion for a temporary restraining order and preliminary injunction the same day, [ECF No. 6]. Defendants filed an opposition on October 23, 2026, [ECF No. 18], and the Court held a conference on October 26, 2026.

In his original motion, Ayyadurai asked the Court to issue an emergency order compelling Defendants to (1) "publish an equal, unedited feature profile" of Ayyadurai "prior to Election Day"; (2) "publish a top-of-page front-page notice" in their newspaper acknowledging Ayyadurai's Senate candidacy and "addressing the failure to provide concurrent non-partisan coverage"; (3) send an email to their subscriber list containing Ayyadurai's "full campaign platform"; and (4) maintain Ayyadurai's profile and social media "pinned at the top of their digital front page through Election Day." [ECF No. 6 at 3]. Defendants argued, inter alia, that

[1] After the October 26, 2026, conference, Ayyadurai filed an amended complaint and a renewed motion for a temporary restraining order and preliminary injunction. Those filings are currently before the Court and are not addressed here. This memorandum opinion solely addresses Ayyadurai's original claims and motion which the Court dismissed and denied, respectively, at the October 26, 2026, conference. [ECF No. 20].

they made no binding promise to Ayyadurai, and that his claims and the relief that he requests are barred by the First Amendment. [ECF No. 18 at 6–7].

As the Court explained on the record during the October 26, 2026, conference, the claims pled in Ayyadurai's original complaint are outside this Court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear." T. M. v. Univ. of Md. Med. Sys. Corp., 608 U.S. 668, 676 (2026) (quoting Hain Celestial Grp., Inc. v. Palmquist, 607 U.S. 421, 424 (2026)). "A federal court must always satisfy itself that it has jurisdiction." Riley v. Bondi, 606 U.S. 259, 273 (2025) (citing United States v. Kwai Fun Wong, 575 U.S. 402, 408–409 (2015)). Thus, "even if the parties fail to spot a jurisdictional issue or agree that the court has jurisdiction, the court cannot proceed unless it makes an independent determination that it has jurisdiction." Id. (citing Henderson v. Shinseki, 562 U.S. 428, 434 (2011)). If a court finds that "jurisdiction is wanting," it "has an obligation . . . to proceed no further." Godin v. Schencks, 629 F.3d 79, 83 (1st Cir. 2010) (quoting In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir.1988)).

Ayyadurai's original complaint invoked federal question jurisdiction under 28 U.S.C. § 1331. [Compl. ¶ 6]. That statute grants federal district courts jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he determination of jurisdiction is based only on the allegations in the plaintiff 's 'well-pleaded complaint'—not on any issue the defendant may raise." Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 26 (2025) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 9–10 (1983)). "In the mine run of cases, '[a] suit arises under the law that creates the cause of action.'" Atl. Richfield Co. v. Christian, 590 U.S. 1, 13 (2020) (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)). Thus,

except for “rare occasions,” a suit typically falls within a federal court’s subject matter jurisdiction only “when federal law creates the cause of action asserted.” Royal Canin, 604 U.S. at 26.

The claims asserted in Ayyadurai’s original complaint were not proper subjects of federal question jurisdiction. Each of Ayyadurai’s original claims involved a cause of action created by state, not federal law. His claims for breach of contract and promissory estoppel involved causes of action created by Massachusetts common law, and his claims under the Massachusetts Civil Rights Act and ch. 93A involved causes of action created by Massachusetts statutes. Thus, because there was no federal claim asserted in his original complaint, the typical basis for federal question jurisdiction was absent.

Nor did Ayyadurai’s original complaint present the “rare occasion[]” where state law claims “‘necessarily raise[]’ a ‘substantial’ and ‘actually disputed’ federal question.” Royal Canin, 604 U.S. at 26 (quoting Gunn v. Minton, 568 U.S. 251, 257 (2013)). Ayyadurai’s breach of contract, promissory estoppel, and ch. 93A claims plainly involve no federal-law issues whatsoever. See [Compl. ¶¶ 22–28, 31–32]. Although his Massachusetts Civil Rights Act claim briefly mentioned the “constitutionally protected rights to free speech, political candidacy, and equal participation in federal elections,” [Compl. ¶ 29], any federal questions it may have raised were “wholly insubstantial and frivolous,” Toddle Inn Franchising, LLC v. KPJ Assocs., LLC, 8 F.4th 56, 62 (1st Cir. 2021), as Defendants are private actors to whom the Constitution plainly does not apply in the manner contemplated by Ayyadurai, see Edmonson v. Leesville Concrete Co., 500 U.S. 614, 619 (1991) (“The Constitution’s protections . . . apply in general only to action by the government.”); Manhattan Cmty. Access Corp. v. Halleck, 587 U.S. 802, 808 (2019) (“[T]he Free Speech Clause prohibits only governmental abridgment of speech. [It] does

not prohibit private abridgment of speech."). Accordingly, the Court lacked jurisdiction over the original complaint and was obligated to "proceed no further." Godin, 629 F.3d at 83.

**SO ORDERED.**

October 26, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE